IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,154-01




EX PARTE TRACY J. HOWARD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 19151 IN THE 356TH DISTRICT COURT
FROM HARDIN COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marijuana, over 50 pounds, and sentenced to twenty years’ imprisonment. The Ninth Court of
Appeals affirmed his conviction. Howard v. State, No. 09-09-00203-CR (Tex. App.–Beaumont,
May 12, 2010).
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from appellate counsel regarding Applicant’s claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.
           The trial court shall make findings of fact as to whether Applicant’s appellate counsel
timely informed Applicant that his conviction had been affirmed and informed him of his
right to file a pro se petition for discretionary review. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
           This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter’s notes from any hearing or deposition, along with the trial court’s
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 
 
Filed: January 12, 2011
Do not publish